UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCO STRICKLAND,                      Case No. 23-12687

    Plaintiff,                                  F. Kay Behm

v.                                            United States District Judge

ELISABETH M. MULLINS, *et al.*,

    Defendants.

_____/

**ORDER GRANTING APPLICATION FOR IFP (ECF No. 2)**
**AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

On October 24, 2023, Plaintiff Marco Strickland filed a *pro se* complaint against Defendants, purportedly pursuant to various provisions of the United States Constitution, 5 U.S.C. §§ 556(d), 557, and 706, 18 U.S.C. § 2381, and 42 U.S.C. §§ 1983, 1985, and 1986. (ECF Nos. 1).[1] Strickland filed an application to proceed *in forma pauperis*. (ECF No. 2). The court **GRANTS** Strickland's application to proceed *in forma pauperis*. However, for the reasons set forth

---

[1] Title 5 U.S.C. §§ 556, 557, 706 relate to federal agency proceedings and are not applicable here. Title 18 U.S.C. § 2381 is a federal criminal statute pertaining to the crime of treason. There is no private right of action under the federal criminal code generally or this provision specifically. *Bey v. Smith*, 2022 WL 181155, at *1 (N.D. Ohio Jan. 20, 2022) (There is no private right of action under the federal criminal statutes); *Miles v. United States*, 2015 WL 8539042, at *2 (S.D. Ohio Dec. 11, 2015) (no private right of action under the treason statute, 18 U.S.C. § 2381).

1

below, the court **DISMISSES** Strickland's complaint without prejudice based on absolute immunity as to Defendants Mullins and Zelenak and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e) as to Defendant Dube.

I.  PLAINTIFF'S COMPLAINT

While Strickland's Complaint is not a model of clarity, it appears to allege that Defendant Judge Mullins issued an order to have Strickland's blood drawn and that he was kept overnight in jail. Defendant Dube, a police officer, carried out that order. Strickland also claims that Judge Mullins sanctioned him without jurisdiction, later ordered his wrongful confinement in jail, and forced his family to post an unconstitutional bond. He seeks money damages for the wrongful incarceration and constitutional violations in the total amount of $4.25 million.

II.  ANALYSIS

The court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual

allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Berry v. Ludington*, No. 16-10395, 2016 WL 6158964, at *2 (E.D. Mich. Oct. 24, 2016) (Lawson, J.) (quoting 28 U.S.C. § 1915(e)(2)(B)). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Where a plaintiff seeks relief from a defendant who is immune from suit, the claims lack merit. *Berry*, 2016 WL 6158964, *2 (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[A] judge is immune from a suit for money damages.")). As discussed in detail below, two named

3

Defendants are immune from suit, and the Complaint fails to state a claim against the third defendant. Accordingly, the Complaint must be dismissed.

    A.    <u>Judicial Immunity</u>

Plaintiff names Michigan state court Judge Elisabeth M. Mullins in this matter. Judges are absolutely immune from suits under 42 U.S.C. § 1983 arising from their performance of judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judges are also entitled to such immunity from suits brought pursuant to 41 U.S.C. § 1985 and § 1986. *See Hall v. Bush*, 2021 WL 4239855, at *23 (W.D. Mich. July 21, 2021), report and recommendation adopted, 2021 WL 3750164 (W.D. Mich. Aug. 25, 2021) (Judge entitled to judicial immunity from § 1985 claim) (citing *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) ("Judicial immunity attaches even if the act was done in furtherance of a conspiracy."); *Yandal v. City of Mayfield*, 2010 WL 4638864, at *3 (W.D. Ky. Nov. 5, 2010) (citing *Travis v. Miller*, 226 F.Supp.2d 663, 667 (E.D. Pa. 2002) (finding, in a suit brought under §§ 1983, 1985, and 1986, that "Judicial Defendants enjoy absolute immunity against suits for monetary damages regarding their judicial acts"))). This immunity extends even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). "There are only two exceptions to judicial immunity: A judge is not immune from suits for acts that

are (1) not judicial in nature or (2) performed without jurisdiction." *Burnham*, 2022 WL 3046966, at *1 (citing *Brookings*, 389 F.3d at 617). A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). This immunity extends to state and federal judges alike and it applies to actions alleging a violation of the United States Constitution. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). The 1996 amendments to § 1983 also extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011).

Nothing in the Complaint suggests that the acts of Judge Mullins about which Strickland complains fall outside the scope of judicial immunity. Accordingly, the claims against Judge Mullins must be dismissed.

B. <u>Prosecutorial Immunity</u>

Strickland has also identified state prosecutor Amelia Mary Zelenak as a defendant in this matter. "Absolute prosecutorial immunity, like absolute judicial

5

immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000).  This immunity also applies to claims brought pursuant to 42 U.S.C. § 1985 and § 1986.  *Kanu v. City of Cincinnati*, 2021 WL 779078, at *7 (S.D. Ohio Mar. 1, 2021), report and recommendation adopted, 2021 WL 3036722 (S.D. Ohio July 19, 2021) (Defendant prosecutors entitled to prosecutorial immunity on plaintiff's 42 U.S.C. §§ 1983, 1985, and 1986 claims.).

A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has explained:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who performs the investigative functions normally performed by a detective or police officer such as searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal quotation marks and citations omitted).  As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of

6

immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Again, nothing in the Complaint suggests that Prosecutor Zelenak acted outside the scope of conduct covered by prosecutorial immunity. Accordingly, the claims against Zelenak must be dismissed.

C. <u>Defendant Dube</u>

Strickland alleges that Defendant Dube executed an order to take him to jail and to obtain a blood sample but fails to connect the dots as to how Dube's conduct violated his constitutional rights or, indeed, which constitutional rights were allegedly violated. As noted above, while the court holds pro se complaints to less stringent standards than formal pleadings drafted by lawyers, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also*

*Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a pro se plaintiff must comply with basic pleading requirements, including Rule 12(b)(6)."). The court concludes that allegations against Dube are mere "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted). Based on the Complaint as presently drafted, the court cannot draw a reasonable inference that Dube is liable for violating federal law. Accordingly, Strickland has failed to state a claim against him.

### III.   CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED** without prejudice.

**SO ORDERED**.

Date: November 21, 2023			s/F. Kay Behm
						F. Kay Behm
						United States District Judge